As I disagree with the majority's categorization of our oversight as a typographical error, I respectfully dissent. Because we failed to address Appellant's assignment of error with regard to imposing more than the minimum sentence, I would sustain the motion for reconsideration, reverse the trial court's decision in part and remand the case for re-sentencing.
In our original opinion, we jointly addressed Appellant's sixth and seventh assignments of error which state, respectively:
"The Court erred in sentencing Defendant-Appellant to a prison term."
"The Court abused its discretion in sentencing the Defendant-Appellant to a term of greater than six months pursuant to 2929.14."
Although these arguments require an analysis of two related, yet very distinct and separate legal burdens, we analyzed the assignments of error together. In doing so, we addressed Appellant's assignment regarding the trial court's decision to impose a prison term rather than community control. However, it appears we somehow overlooked the fact Appellant was also sentenced to more than the minimum in this case.
App.R. 12(A)(1)(c) requires that we decide each assignment of error presented to us for review, unless it has been rendered moot as a result of our resolution of another assigned error. Concluding that the trial court properly imposed a prison sentence rather than community control leaves unresolved the issue of the propriety of the length of Appellant's sentence. Consequently, I believe our failure to address the trial court's imposition of an enlarged eight-month sentence rather than a six-month minimum sentence warrants sustaining Appellant's motion for reconsideration.
When sentencing Appellant, the trial court was required to follow the mandates of R.C. 2929.14(B):
 "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Id.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, the Supreme Court construed this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
The court explained:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this statute with other related sentencing statutes, we deduce that the verb "finds" as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. at 326. (Emphasis added)
The Supreme Court further commented that, although one or more of the remarks by the trial court might be argued to support a finding that the minimum sentence would demean the seriousness of the defendant's conduct or that the public would not be adequately protected from his future crime, "the trial court did not specify either of these reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentence of three years." Id. at 328. With that record, the court in Edmonson
concluded, there was no confirmation that the trial court first considered imposing the minimum sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons. Accordingly, the Supreme Court remanded the case to the trial court for re-sentencing.
Much like in Edmonson, the trial court in the present case failed to make the requisite findings either at the sentencing hearing or in its journal entry. The trial court neglected to state adequate reasons to support these illusory findings. In our original opinion, however, we fail to address this deficiency.
For the foregoing reasons, I would sustain Appellant's motion for reconsideration. Appellant's seventh assignment of error should be sustained, and the trial court's decision reversed in part, and remanded to either sentence Appellant to the minimum sentence, or make the statutory findings required by R.C. 2929.14(B) to support the original sentence imposed by the trial court.